

## NUMBER 13-21-00420-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE EMPLOYEE FUNDING OF AMERICA, LLC

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina[1]**

Relator Employee Funding of America, LLC (Employee Funding), filed a petition for writ of mandamus raising numerous issues including, inter alia, the contentions that the trial court erred by sealing the record in the underlying case and by failing to rule on

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Employee Funding's pending motions.[2] We conditionally grant the petition for writ of mandamus in part and deny it in part.

## I. BACKGROUND

Real parties in interest Martin Phipps, acting individually and on behalf of Martin Phipps PLLC and Phipps Anderson Deacon LLP; and Clayton Clark, acting individually and on behalf of Clark, Love & Hutson; and Peter Flowers, acting individually and on behalf of Meyers & Flowers, initiated the underlying proceeding in the 23rd District Court of Wharton County, Texas. They sought to administer the distribution of attorney's fees and expenses through the establishment of a qualified settlement fund (QSF) relating to a multi-district litigation case (the Syngenta MDL) regarding genetically modified corn products in the United States District Court for the District of Kansas, as provided in a joint venture agreement between the real parties in interest.

The trial court entered an order approving the QSF, appointed ARCHER Systems, LLC (ARCHER) as fund administrator, and appointed attorney Gregory Gowan as a special master. In January 2021, Employee Funding, which had a security interest in the attorney's fees payable to Martin Phipps and the Phipps entities in the Syngenta MDL, became aware that a QSF had been established and began communicating with ARCHER to obtain information about the fund. In February, Phipps notified ARCHER that he had assigned his rights to the Syngenta MDL funds in the QSF to Employee Funding.

On March 10, 2021, the trial court issued an order distributing the QSF to the real parties. Employee Funding received $2.5 million in fees as a result of that order, although

---

[2] This original proceeding arises from trial court cause number CV52583 in the 23rd District Court of Wharton County, Texas, and the respondent is the Honorable Ben Hardin. *See* TEX. R. APP. P. 52.2.

it had expected a greater sum comprising approximately one-third of the common benefit fees, less deducted expenses. Employee Funding requested ARCHER and Gowen to provide information regarding the distribution but failed to receive any information from either regarding the division of fees and costs.

On May 17, 2021, Employee Funding intervened in the underlying trial court proceeding asserting its interest in the case through a credit agreement with Phipps. Employee Funding sought access to the case file; however, the clerk's office denied Employee Funding any access to that file pursuant to instructions from Gowen. Gowen asserted that the trial court had entered an order providing that no one could access the court file without a court order.

After further efforts to obtain access to the file were unsuccessful, on May 21, 2021, Employee Funding filed a "Motion to Modify Standing Order to Allow Access to Case File." In June 2021, counsel for real parties allegedly agreed to provide access to the file, but ultimately reneged. On June 4, 2021, the Syngenta MDL court issued an order allocating $60.4 million in fees for individually retained private attorneys. On June 7, 2021, Employee Funding filed an "Emergency Motion to Stay Disbursement of Funds," requesting the trial court to stay any further distribution of proceeds from the QSF until Employee Funding was allowed to examine the case file and determine whether previous and impending distributions were made in compliance with the parties' contracts.

The trial court set a hearing on Employee Funding's motions to be held on June 14, 2021. On June 9, 2021, the parties filed an agreed order which granted, in part, Employee Funding's motion for access to the case file; however, the trial court did not sign that order. Beginning on June 25, 2021, Employee Funding asked for a hearing date

3

on its motions. A hearing was ultimately scheduled to be held on August 4, 2021; however, that hearing was passed because counsel for other parties had conflicting schedules. On August 2, 2021, the trial court notified the parties that it would set these motions to be heard by submission due to continued difficulty in scheduling. On October 13, 2021, Employee Funding emailed the court coordinator to request the status of the pending motions, to ask if there was anything further required to obtain rulings, and to request the court to rule on its motions. Nevertheless, the trial court did not thereafter issue rulings on these motions.

This original proceeding ensued on December 1, 2021. By petition for writ of mandamus, Employee Funding raises eight issues:

1.      Did the trial court improperly seal or otherwise improperly deny public access to the court's file in this case? Did the trial court improperly seal the file without a written, publicly available motion and order, as Texas Rule of Civil Procedure 76a requires?

2.      Did the trial court improperly prevent Relator—a party to the case— from accessing the court's file? Can a party be denied access to a court's file?

3.      Did the trial court improperly appoint a special master and thereby abuse its discretion? Under Texas Rule of Civil Procedure 171, was the court required to: (1) find the case presented exceptional circumstances before appointing a special master and (2) sign a written order appointing the special master and make the order available to the parties?

4.      Did the trial court abuse its discretion in failing to rule on Employee Funding's request for access to the pleadings and all other matters on file with the district court in this case since Employee Funding intervened as a holder of a security interest in part of the funds deposited with the court?

5.      The Clark/Phipps/Flowers group executed a joint venture agreement by which they agreed that their award of Syngenta common benefit fees would be split by them one-third each. The Wharton County District Court's distribution order reveals that common benefit fees

4

were not split between Clark, Phipps, and Flowers in accordance with their agreement. Did the trial court abuse its discretion in awarding a different division of common benefit fees than directed in the lawyers' joint venture agreement?

6. The Syngenta MDL Court awarded the Clark/Phipps/Flowers group $38,120,902.25 as total common benefit fees and only $7,143,837.45 for total common benefit expenses. But the Wharton County District Court awarded the Clark/Phipps/Flowers group only $20,766,740.67 as total common benefit fees and $20,508,241.80 for total common benefit expenses. Thus, the Wharton County District Court awarded the Clark/Phipps/Flowers group much less in total common benefit fees and much more in total common benefit expenses than the Syngenta MDL Court directed be given. As the Wharton County District Court acknowledged in one of its orders, the Syngenta MDL Court retained exclusive jurisdiction over its awards in the Syngenta litigation. Did the Wharton District Court have the authority to alter the total awards the Syngenta MDL Court ordered and if not, did it abuse its discretion in altering them?

7. Did the trial court abuse its discretion in failing to rule on Employee Funding's request to stay disbursement of funds? Does the trial court's failure to rule amount to a denial of the motion given that other funds remain in the QSF and other funds will be disbursed to a subaccount in the QSF while Employee Funding's motion to stop such disbursement is still pending?

8. Does Employee Funding have an adequate remedy at law for any of its complaints?

This Court granted Employee Funding's request for an emergency stay and requested the real parties to file a response to the petition for writ of mandamus. Clark, Love & Hutson, PLLC and Meyers & Flowers, LLC filed a response to the petition, and Employee Funding filed a reply thereto.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148

5

S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.     SEALED RECORD

In its first two issues, Employee Funding contends that the trial court improperly sealed or otherwise improperly denied public access to the court's file in this case without a written, publicly available motion and order as required by Texas Rule of Civil Procedure 76a and improperly prevented Employee Funding, a party to the case, from accessing the court's file.

Texas Rule of Civil Procedure 76a delineates the substantive standard and applicable procedure for sealing court records. *See* TEX. R. CIV. P. 76a; *HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 259 (Tex. 2021). The rule provides, in relevant part, that:

> Court records may not be removed from court files except as permitted by statute or rule. No court order or opinion issued in the adjudication of a case may be sealed. Other court records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of all of the following:
>
> (a)     a specific, serious and substantial interest which clearly outweighs:
>
> (1)     this presumption of openness;
>
> (2)     any probable adverse effect that sealing will have upon the general public health or safety;

6

(b)     no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

TEX. R. CIV. P. 76a.1. The movant attempting to seal court records must prove these elements by a preponderance of the evidence. *Musculoskeletal Imaging Consultants, LLC v. Jar Enters., Inc.*, 631 S.W.3d 739, 742 (Tex. App.—San Antonio 2021, no pet.). Further, "[p]arties attempting to meet this standard must follow the rule's procedural requirements." *HouseCanary, Inc.*, 622 S.W.3d at 259. In addition to filing a written motion to seal, the movant must post a notice advising the public that a hearing will be held on the motion to seal describing the nature of the controversy and the records at issue and informing the public that any person may intervene and be heard. *See* TEX. R. CIV. P. 76a.3; *HouseCanary, Inc.*, 622 S.W.3d at 259. The movant must file verified copies of the posted notice with the trial court clerk and the clerk of the supreme court. *See* TEX. R. CIV. P. 76a.3. Thereafter, the trial court must hold a hearing "as soon as practicable," but not sooner than fourteen days after the motion was filed and notice was posted. *See id.* R. 76a.4.

Orders determining motions relating to sealing or unsealing court records must be written, open to the public, and contain specific required findings. *See id.* R. 76a.6. Any such order is deemed severed from the case and constitutes "a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order." *Id.* R. 76a.8; *see HouseCanary, Inc.*, 622 S.W.3d at 259–60. "We review a trial court's decision on a Rule 76a motion to seal court records for an abuse of discretion." *HouseCanary, Inc.*, 622 S.W.3d at 259; *see Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 523 (Tex. 1998).

Here, Employee Funding asserts that it has been denied access to the court's record and further argues:

> To be clear, Employee Funding does not know, and has no means of knowing, whether an order sealing the file has been signed. Though Special Master Gowan told Employee Funding counsel that such an order exists, Employee Funding's counsel have not seen it. Employee Funding does know that the Respondent, or his appointed special master, apparently instructed the clerk's office to not give Employee Funding access.

In contrast, real parties assert, inter alia, that Employee Funding has not met its burden to obtain mandamus relief because (1) it has not met the "demand and refusal" requirement for mandamus relief insofar as the trial court has not ruled on Employee Funding's motion pertaining to the record, and (2) it cannot show that it lacks an adequate remedy by appeal given that Rule 76a expressly provides for an appeal from an order sealing records. Real parties nevertheless concede that "[t]o the extent [that] the [t]rial [c]ourt's sealing of the court file failed to satisfy the requirements of [Rule 76a] or other applicable law, such case filings should be unsealed unless and until the strictures of Rule 76a are followed."

The requirements of Rule 76a are clear, and Employee Funding has raised significant issues regarding the parties and trial court's potential failures to comply with the procedural and substantive prerequisites for sealing court records. Although there is putatively a "standing order" which indicates that the record has been sealed, we have no such order before us. We note that if the trial court followed the procedures dictated by Rule 76a, the record would necessarily include a publicly available order. *See* TEX. R. CIV. P. 76a.6. However, our ability to review these issues in this mandamus proceeding is obviated by the record presented. As it stands, we have no written or oral ruling to review. *See* TEX. R. APP. P. 52.3(k)(1)(A) (stating that "[t]he appendix must contain . . . a

8

certified or sworn copy of any order complained of, or any other document showing the matter complained of"); *id.* R. 52.7 (delineating the contents of the mandamus record); *In re State ex rel. Munk*, 448 S.W.3d 687, 690 (Tex. App.—Eastland 2014, orig. proceeding) ("An oral order may be the subject of mandamus relief if the court's ruling is a clear, specific, and enforceable order that is adequately shown by the record."); *see also In re State ex rel. Skurka*, 512 S.W.3d 444, 451 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding). In this regard, the record before us illustrates merely that the district clerk, special master, and parties have denied Employee Funding access to the record, not that the trial court has done so. "Equity generally is not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Rather, "[d]ue to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Eagleridge Operating, LLC*, No. 20-0505, 2022 WL 727015, at *4, ___ S.W.3d ___, ___ (Tex. Mar. 11, 2022) (orig. proceeding) (quoting *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam)); *see In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam). Accordingly, we overrule Employee Funding's first and second issues pertaining to the record without prejudice to its ability to raise these issues, if necessary, in a future appeal or original proceeding.

Our ability to review Employee Funding's issues pertaining to the appointment of a special master and the division of fees suffer from the same defect regarding the mandamus record. The record before this Court fails to contain the order appointing a

special master[3] or the pleadings and evidence underlying the trial court's decision regarding the division of fees.[4] Therefore, we likewise overrule Employee Funding's third issue contending that the trial court erred in appointing a special master, and its fifth and sixth issues contending that the trial court abused its discretion in awarding a different division of common benefit fees than directed in the lawyers' joint venture agreement and that the trial court lacked the authority to alter the total awards that the Syngenta MDL Court ordered.

### III.    MINISTERIAL DUTY TO RULE ON A MOTION

We turn our attention to Employee Funding's remaining issues. In issue four, Employee Funding asserts that the trial court abused its discretion in failing to rule on Employee Funding's request for access to the pleadings and all other matters on file with the district court. In issue seven, Employee Funding argues that the trial court abused its discretion in failing to rule on Employee Funding's request to stay disbursement of funds. Finally, in its eighth issue, Employee Funding contends that it lacks an adequate remedy by appeal.

---

[3] Under Rule 171 of the Texas Rules of Civil Procedure, "[t]he court may, in exceptional cases, for good cause appoint a master in chancery . . . who shall perform all of the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity." TEX. R. CIV. P. 171. However, a special master may not be appointed merely because "a case is complicated or time-consuming, or [because] the court is busy." *Simpson v. Canales*, 806 S.W.2d 802, 811 (Tex. 1991) (orig. proceeding); *see In re Behringer Harvard TIC Mgmt. Servs. LP*, 316 S.W.3d 831, 832 (Tex. App.—Dallas 2010, orig. proceeding). "A trial court abuses its discretion when it appoints a master without the parties' consent or without finding that the case is exceptional and good cause exists for the appointment." *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding).

[4] We note that the Final Order and Judgment issued by the United States District Court for the District of Kansas provides, with certain exceptions, that the United States District Court for the District of Kansas "retains continuing and exclusive jurisdiction" over matters including "disputes among counsel related to attorneys' fees, costs and expenses."

10

As stated previously, the real parties in interest filed a response to the petition for writ of mandamus. They argue that Employee Funding has not shown that a reasonable time to rule has expired given the evolving and complex nature of Employee Funding's pleadings, the non-urgent nature of the matters at issue, and the trial court's willingness to set these matters for hearing. They assert, inter alia, that the record is devoid of any evidence concerning the state of the trial court's docket or any overt refusal to rule on the motions.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Stated otherwise, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor

11

equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107.

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

Courts have applied the foregoing tenets to grant mandamus relief concerning various disparate periods of delay. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159 (granting relief for a delay of more than eight months in rendering a final judgment); *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (granting relief for a delay of more than seven months in ruling on a motion to compel arbitration); *In re Shredder Co.*, 225 S.W.3d 676, 679–80 (Tex. App.—El Paso 2006, orig. proceeding) (granting relief for a delay of more than six months in ruling on a motion to compel arbitration); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (granting relief for a six-month delay in ruling on a

motion for partial summary judgment); *In re Kleven*, 100 S.W.3d 643, 644–45 (Tex. App.—Texarkana 2003, orig. proceeding) (granting relief for delays of more than three and five months on motions for discovery, sanctions, and for a trial setting); *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (combined app. & orig. proceeding) (granting relief for a thirteen-month delay in ruling on a plea to the jurisdiction); *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding [mand. denied]) (granting relief for a seven-month delay in ruling on a "no evidence" motion for summary judgment); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (granting relief for a delay of eighteen months in ruling on a motion for default judgment); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam) (granting relief for a thirteen-month delay in ruling on a petition for incorporation*); see also In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at *1 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (granting relief for an eleven-month delay in ruling on a motion to dismiss and motion for summary judgment); *In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (mem. op.) (per curiam) (granting relief for an eight to nine-month delay in ruling on a special appearance); *In re Roland's Roofing Co.*, No. 13-19-00469-CV, 2019 WL 5444399, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2019, orig. proceeding) (mem. op.) (granting relief for a greater than eight-month delay in ruling on a special appearance); *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (mem. op.) (per

curiam) (granting relief for an approximately eight-month delay in ruling on a motion for entry of judgment on the jury's verdict); *In re Harris Cnty. App. Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.) (granting relief for a six-month delay in ruling on a plea to the jurisdiction).

In considering the alleged period of delay, we note that trial courts have broad discretion in how they conduct business in their courtroom and control their docket. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Jacobs v. State*, 594 S.W.3d 377, 382 (Tex. App.—San Antonio 2019, no pet.). Nevertheless, this discretion is not unlimited, and the trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. *King Fisher Marine Serv., L.P.*, 443 S.W.3d at 843; *Clanton*, 639 S.W.2d at 930; *In re Tex. Farm Bureau Underwriters*, 374 S.W.3d 651, 658 (Tex. App.—Tyler 2012, orig. proceeding); *In re Blakeney*, 254 S.W.3d at 663.

We examine the specific circumstances of this case to determine whether Employee Funding's motions were properly filed and have been pending a reasonable time. *See In re Blakeney*, 254 S.W.3d at 662. There is no dispute that the motions were properly filed. On May 21, 2021, Employee Funding filed its "Motion to Modify Standing Order to Allow Access to Case File." On June 7, 2021, Employee Funding filed its "Emergency Motion to Stay Disbursement of Funds." On December 1, 2021, Employee Funding filed this original proceeding. The motions at issue had been pending more than six and five months, respectively, before this original proceeding ensued, and we issued a stay of the trial court proceedings. Employee Funding has affirmatively requested the

14

trial court to rule on these motions. *See In re Blakeney*, 254 S.W.3d at 661. The record before this Court fails to indicate that any special docket conditions or other matters have prevented the trial court from ruling on Employee Funding's motions. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661.

Employee Funding intervened in this case on May 17, 2021 and has to date been apparently denied access to the court's file in putative derogation of the express terms of Rule 76a. Without access to the court's file, or the ability to pursue relief from a public sealing order, the proceedings are skewed and Employee Funding's rights to a fair trial are in danger of impairment. Similarly, Employee Funding filed an emergency motion seeking to stay the distribution of funds in which it has a security interest. If the trial court does not issue a ruling on that motion, then it is effectively denied. Employee Funding's motions were properly filed and have been pending a reasonable time, it requested rulings on the motions, and the trial court has failed to rule in a reasonable period of time. *See In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Shredder Co.*, 225 S.W.3d at 679; *In re Chavez*, 62 S.W.3d at 228.

Having considered all the facts and circumstances of this case, we conclude that the trial court abused its discretion in failing to rule within a reasonable period on Employee Funding's motions. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159; *In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Shredder Co.*, 225 S.W.3d at 679–80. We sustain issues four and seven.

Further, balancing the benefits of mandamus review against the detriments, we conclude that there is no adequate appellate remedy to address the trial court's failure to rule. *See, e.g.*, *In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159; *In re ReadyOne*

15

*Indus., Inc.*, 463 S.W.3d at 624. Accordingly, we sustain Employee Funding's eighth issue.

## IV. CONCLUSION

The Court, having examined and fully considered Employee Funding's petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Employee Funding has met its burden to obtain relief as to the trial court's failure to rule on its pending motions. Accordingly, we lift the stay previously imposed in this case and, without addressing the merits of Employee Funding's motions, we conditionally grant the petition for writ of mandamus, in part, and direct the trial court to rule on the motions promptly and without further delay. *See In re Blakeney*, 254 S.W.3d at 661 ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be."); *see also In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding); *O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993, orig. proceeding). The writ will issue only if the trial court fails to act in accordance with this opinion. We deny all other relief sought in this original proceeding.

JAIME TIJERINA
Justice

Delivered and filed on the
5th day of April, 2022.

16