

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE | § | No. 08-15-00049-CV |
|  | § | ORIGINAL PROCEEDING |
| READYONE INDUSTRIES, INC., | § | ON PETITION FOR WRIT OF |
| RELATOR. | § | MANDAMUS |
|  | § |  |

**O P I N I O N**

Relator, ReadyOne Industries, Inc., has filed a petition for writ of mandamus against the Honorable Angie Juarez Barill, Judge of the 346th District Court of El Paso County, Texas, asking that we order her to rule on Relator's Motion to Compel Arbitration.

To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 135-36. Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Shredder Co*., *L.L.C.*, 225 S.W.3d 676, 679 (Tex.App.--El Paso 2006, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex.App.--San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and

has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Shredder Co.*, 225 S.W.3d at 679; *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228.

Relator filed its motion to compel arbitration on July 1, 2014 and Respondent conducted a hearing on the motion on August 13, 2014. Since the hearing, Relator has asked Respondent to rule with the most recent requests being made in January of 2015, but Respondent has not ruled on the motion to compel arbitration. Given that more than seven months has elapsed since the hearing without a ruling on the motion, we conclude that Relator has established its entitlement to mandamus relief. *See In re Shredder*, 225 S.W.3d at 680. While we have jurisdiction to direct the trial court to exercise its discretion, we are not permitted to tell the trial court how to rule on the motion to compel arbitration. *See id.* We therefore express no opinion on any of the issues raised in the motion to compel arbitration and Rodriguez's response. The petition for writ of mandamus is conditionally granted. The writ will issue only if the trial court fails to rule on the motion to compel arbitration within thirty days.


April 10, 2015
                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge)(Sitting by Assignment)