**Opinion issued February 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-21-00427-CV

—————————————

## IN RE EAGLE SHIP MANAGEMENT, LLC, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Eagle Ship Management LLC filed this petition for writ of mandamus to compel the Honorable Ursula A. Hall to rule on two motions: (1) a joint motion to compel a physical examination of plaintiff, Muhammad Kamran, and (2) defendant's opposed motion for second continuance and for entry of amended docket control order.[1] We grant the petition.

---

[1] The underlying case is *Muhammad Kamran and Zakia Kamran v. Inspectorate America Corp. and Eagle Ship Management, LLC*, cause number 2019-71794,

## Background

The underlying proceeding is a personal injury action relating to injuries Mahammad Kamran claims he sustained when he fell while descending a pilot ladder from the *M/V Imperial Eagle* to the bunker barge *Shamrock*. Kamran filed suit in October 2019 against Eagle Ship, Bureau Veritas Commodities, Trade Inc. f/k/a Inspectorate America Corp, SFK, Inc. d/b/a SKK Marine, SFK Inc. d/b/a SFK SECON, and Buffalo Marine Service, Inc. Kamran seeks damages, including past and future medical expenses, past and future pain and mental anguish, past and future impairment, past and future disfigurement, past lost wages, and future loss of earning capacity.

On October 5, 2020, Kamran designated a retained medical expert and thirteen medical providers in seven areas of specialization. When Kamran refused to appear for in-person examinations by defendants' retained medical experts, defendants, including Eagle Ship, filed a motion to compel, asking the trial court to compel Kamran to appear for two in-person examinations. One examination was to be performed by a neurosurgeon in connection with Kamran's alleged back, neck, and hip injuries, and the other by a neurologist relating to Kamran's alleged neurological injuries.

---

pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

The trial court held a hearing on the motion to compel. During the hearing, the trial court requested examples of orders from other cases involving similar in-person medical examinations and Eagle Ship provided these. Three months later, Eagle Ship and other defendants filed a renewed request for ruling. When Eagle Ship requested an oral hearing or submission date for the request, the trial court's staff said no submission date was available and it would be considered without a hearing. When no ruling issued by May 28, 2021, Eagle Ship again requested an oral hearing on the renewed request for a ruling. Eagle Ship received an acknowledgment from the court clerk that a ruling had been delayed but provided no hearing date. No ruling issued and Eagle Ship filed this petition for writ of mandamus.

**Analysis**

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court commits a clear abuse of discretion when its action is "'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'." *See In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)).

3

## A. Trial Court Had Ministerial Duty to Rule on Motions

When a motion is properly filed and pending, the trial court's act of considering the motion and ruling on it is ministerial. *See In re Baylor College of Medicine*, Nos. 01-19-00105-CV & 01-19-00142-CV, 2019 WL 3418504, at *2 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.). A trial court has a ministerial duty to consider and rule on properly filed and pending motions and mandamus may issue to compel the trial court to act. *See id.* To establish an abuse of discretion by the trial court, the relator must establish that the trial court "(1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so within a reasonable time." *Id.* Determining whether a reasonable time has elapsed depends upon the circumstances in the case. *See id.*

This Court has granted mandamus relief in several previous cases in which this same trial judge had failed to rule on properly presented motions for almost a year or more. *See In re Josefsberg*, No. 01-21-00179-CV, 2021 WL 2149831 (Tex. App.—Houston [1st Dist.] May 27, 2021, orig. proceeding) (granting mandamus relief for failure to rule on pending motion for twenty months); *In re SMS Fin. XV, L.L.C.*, No. 01-19-00850-CV, 2020 WL 573247 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on motion pending for more than one year); *Baylor*, 2019 WL 3418504 (granting mandamus relief because trial court failed to rule on pending motion for

4

over eleven months); *In re Tomball Tex. Hosp. Co., LLC d/b/a Tomball Region Med. Ctr.*, No. 01-19-00242-CV, 2019 WL 3418569 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on one motion pending over nineteen months and another pending over fourteen months); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV, 2019 WL 3418567, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on motion pending over one year); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV, 2019 WL 3418568, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on motion pending over one year).[2]

---

[2]     This same trial judge has been the subject of many other opinions granting mandamus relief for her failure to rule on pending motions. *See In re Robbins*, 622 S.W.3d 600, 601 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *In re Hoffman*, No. 14-21-00697-CV, 2022 WL 288046, at *1 (Tex. App.—Houston [14th Dist.] Feb. 1, 2022, orig. proceeding) (mem. op.); *In re Estate of Burnett*, No. 14-20-00757-CV, 2020 WL 6878564, at *1 (Tex. App.—Houston [14th Dist.] No. 24, 2020, orig. proceeding) (mem. op.); *In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (mem. op.); *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (mem. op.); *In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *4 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.); *In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (mem. op.); *In re PDVSA Servs., Inc.*, No. 14-17-00824-CV, 2017 WL 6459227, at *4 (Tex. App.—Houston [14th Dist.] Dec. 19, 2017, orig. proceeding) (mem. op.). Moreover, other mandamus petitions were filed complaining of Judge Hall's failure to rule but were dismissed as moot when she ruled on the motion during the pendency of the

Eagle Ship filed the motion to compel on November 2, 2020. The trial court held a hearing on the motion on November 16, 2020. At the trial court's request, Eagle Ship supplemented the motion with orders in similar cases compelling an in-person physical examination. Months later, Eagle Ship filed a renewed request for a ruling and requested a date for a hearing, but the trial court refused to set the request for a hearing. Eagle Ship contends that trial court staff advised that this request would be considered without a hearing. When no ruling had occurred by May 28, 2021, Eagle Ship again requested a ruling. No party has advised this Court that the trial court has ruled and thus, the motion to compel has been pending over one year.

We conclude, under these circumstances, that the trial court had a legal duty to perform the nondiscretionary act of ruling on the pending motion to compel and it failed or refused to do so within a reasonable time. *See, e.g., Baylor*, 2019 WL 3418504 at *4. Accordingly, Eagle Ship has demonstrated that the trial court abused its discretion in failing to rule on the motion to compel.

Eagle Ship also claims that the trial court abused its discretion in failing to grant its opposed motion for continuance. Eagle Ship filed its opposed motion for second continuance and for entry of an amended docket control order in July 2021,

---

mandamus. *See, e.g., In re Advantage Cars.com d/b/a Sterling McCall Hyundai*, No. 01-20-00863-CV, 2021 WL 1217326, at *1 (Tex. App.—Houston [1st Dist.] Apr. 1, 2021, orig. proceeding) (mem. op.).

asserting that a continuance of impending deadlines on the trial court's docket control order was needed because Eagle Ship had been unable to proceed with the requested medical exams of the plaintiff because the trial court had failed to rule on the motion to compel. Eagle Ship set this motion for submission on August 2, 2021. The trial court has not yet ruled on this motion. The failure to rule on this motion, required because the trial court had never ruled on the motion to compel physical examination of the plaintiff, was also an abuse of discretion.

### B. Eagle Ship Lacks an Adequate Remedy by Appeal

In addition to showing that the trial court has abused its discretion, a party seeking mandamus relief must show that it lacks an adequate remedy by appeal. *See In re Union Carbide Corp.*, 273 S.W.3d 152, 156 (Tex. 2008). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Prudential*, 148 S.W.3d at 136.

Eagle Ship contends that it lacks an adequate remedy by appeal because the delay in ruling on the motion to compel restricts its opportunity to discover facts that may contradict the opinions of plaintiffs' expert witnesses and compromises its ability to develop its defense. A relator lacks an adequate remedy by appeal from a trial court's refusal to rule on a pending motion. *See SMS Fin.*, 2020 WL 573247, at *2 n.4. Because the failure to rule prevents Eagle Ship from discovery that may

7

be helpful in its defense, Eagle Ship has shown that it lacks an adequate remedy by appeal.

## Conclusion

Eagle Ship has established its entitlement to mandamus relief. Accordingly, we lift the stay imposed by order of August 9, 2021, and conditionally grant Eagle Ship's petition for writ of mandamus and direct the trial court to rule on the pending motions to compel physical examination of real party Muhammad Kamran and second unopposed motion for continuance and for entry of an amended docket control order. Although we have jurisdiction to direct the trial court to exercise its discretion, we may not tell the trial court how to rule on the motions. *See In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding). Therefore, we express no opinion on the merits of the motions. We are confident the trial court will comply with this Court's ruling, and the writ will issue only if the trial court does not comply within 30 days of the date of this opinion.

**PER CURIAM**

Panel consists of Justices Kelly, Goodman, and Guerra.