**Opinion issued June 23, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00701-CV

———————————

## IN RE FREEPORT LNG, LLC, Relator

———————————————————————————————

## Original Proceeding on Petition for Writ of Mandamus

———————————————————————————————

### MEMORANDUM OPINION

Relator, Freeport LNG, LLC, has filed a petition for writ of mandamus to compel the Honorable Ursula A. Hall to rule on its Traditional and No-Evidence Motions for Summary Judgment filed on November 17, 2020.[1] We grant the petition.

---

[1] The underlying case is *Shontice Haynes v. Freeport LNG, LLC and Savard Labor & Marine, Inc.*, cause number 2019-43529, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

## Background

The underlying proceeding is a suit by Shontice Haynes (the "Plaintiff") filed on June 25, 2019 seeking personal injury damages stemming from alleged injuries sustained at a plant owned by Relator.

On November 17, 2020, Relator filed its Combined Traditional and No-Evidence Motion for Summary Judgment (the "Summary Judgment Motion") on all of Plaintiff's claims. Relator filed a Notice of Hearing setting the Summary Judgment Motion for hearing on December 11, 2020. On December 4, 2020, Plaintiff filed an opposed motion for continuance of the Summary Judgment Motion, asserting that additional discovery was needed to adequately respond. Relator filed a response opposing the motion for continuance.

On December 16, 2020, after the initial hearing date had passed, Relator filed a Notice of Submission setting the Summary Judgment Motion for submission on January 18, 2021. On January 11, 2021, Plaintiff filed her second opposed motion for continuance of the Summary Judgment Motion, again asserting that additional discovery was needed. Relator again filed a response opposing the motion for continuance. The trial court did not rule on any of the motions.

On November 10, 2021, Relator filed a letter with the trial court requesting a hearing on the Summary Judgment Motion. In the letter, Relator averred that Plaintiff had not made any discovery requests since filing her first motion for

continuance on December 4, 2020. On November 30, 2021, after receiving no hearing dates from the trial court, Relator filed "Defendant Freeport LNG, LLC's Objection to Court's Lack of Ruling." In the filing, Relator noted that the Summary Judgment Motion had been on file with the trial court for over a year.

On December 15, 2021, Relator filed a petition for writ of mandamus compelling the trial court to rule on its Summary Judgment Motion. At our request, Plaintiff filed a response to the petition. To date, no party has informed us of any ruling on the Summary Judgment Motion.

## Analysis

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)).

### A. Clear Abuse of Discretion

When a motion is properly filed and pending, the trial court's act of considering the motion and ruling on it is ministerial and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam); *In re Baylor College of Medicine*, Nos.

3

01-19-00105-CV & 01-19-00142-CV, 2019 WL 3418504, at *2 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.). To establish an abuse of discretion by the trial court, the relator must establish that the trial court "(1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so within a reasonable time." *In re Baylor College of Medicine*, 2019 WL 3418504, at *2. Determining whether a reasonable time has elapsed depends upon the circumstances in the case. *See id.*

This Court has granted mandamus relief in several previous cases in which this same trial judge had failed to rule on properly presented motions for almost a year or more. *See In re Eagle Ship Mgmt., LLC*, No. 01-21-00427-CV, 2022 WL 479926 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, orig. proceeding) (granting mandamus relief for failure to rule on motion pending for more than one year); *In re Josefsberg*, No. 01-21-00179-CV, 2021 WL 2149831 (Tex. App.—Houston [1st Dist.] May 27, 2021, orig. proceeding) (granting mandamus relief for failure to rule on pending motion for twenty months); *In re SMS Fin. XV, L.L.C.*, No. 01-19-00850-CV, 2020 WL 573247 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on motion pending for more than one year); *Baylor*, 2019 WL 3418504 (granting mandamus relief because trial court failed to rule on pending motion for over eleven months); *In re Tomball Tex. Hosp. Co., LLC d/b/a Tomball Region Med. Ctr.*, No. 01-19-

4

00242-CV, 2019 WL 3418569 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on one motion pending over nineteen months and another pending over fourteen months); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV, 2019 WL 3418567, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on motion pending over one year); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV, 2019 WL 3418568, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief for failure to rule on motion pending over one year).[2]

---

[2]   This same trial judge has been the subject of many other opinions granting mandamus relief for her failure to rule on pending motions. *See In re Robbins*, 622 S.W.3d 600, 601 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *In re Hoffman*, No. 14-21-00697-CV, 2022 WL 288046, at *1 (Tex. App.—Houston [14th Dist.] Feb. 1, 2022, orig. proceeding) (mem. op.); *In re Estate of Burnett*, No. 14-20-00757-CV, 2020 WL 6878564, at *1 (Tex. App.—Houston [14th Dist.] No. 24, 2020, orig. proceeding) (mem. op.); *In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (mem. op.); *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (mem. op.); *In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *4 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.); *In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (mem. op.); *In re PDVSA Servs., Inc.*, No. 14-17-00824-CV, 2017 WL 6459227, at *4 (Tex. App.—Houston [14th Dist.] Dec. 19, 2017, orig. proceeding) (mem. op.). Moreover, other mandamus petitions were filed complaining of Judge Hall's failure to rule but were dismissed as moot when she ruled on the motion during the pendency of the mandamus. *See, e.g.*, *In re Advantage Cars.com d/b/a Sterling McCall Hyundai*, No. 01-20-00863-CV, 2021 WL 1217326, at *1 (Tex. App.—Houston [1st Dist.] Apr. 1, 2021, orig. proceeding) (mem. op.).

In this case, the record reflects that Relator's Summary Judgment Motion was properly filed and has been pending a reasonable time, Relator requested hearings and rulings on the motion, but the trial court failed to rule. When Relator filed its mandamus petition in this case, the Summary Judgment Motion had been pending for over a year. Additional time has passed since the mandamus petition was filed and there is no indication that the trial court has ruled on the motion.

We conclude, under these circumstances, that the trial court had a legal duty to perform the nondiscretionary act of ruling on the pending Summary Judgment Motion and it failed or refused to do so within a reasonable time. *See, e.g., Baylor*, 2019 WL 3418504 at *4. Accordingly, Relator has demonstrated that the trial court abused its discretion in failing to rule on the Summary Judgment Motion.

**B. Lack of Adequate Remedy by Appeal**

Relator has demonstrated that it lacks an adequate remedy by appeal from the trial court's failure to rule on the Summary Judgment Motion. A relator lacks an adequate remedy by appeal from a trial court's refusal to rule on a pending motion. *See Eagle Ship Mgmt.*, 2022 WL 479926, at *3; *SMS Fin.*, 2020 WL 573247, at *2 n.4. The trial court's failure to rule on the motion requires Relator to defend against claims that could be resolved by this dispositive motion.

## Conclusion

Relator has established its entitlement to mandamus relief. Accordingly, we conditionally grant Relator's petition for writ of mandamus and direct the trial court to rule on the pending Summary Judgment Motion. Although we have jurisdiction to direct the trial court to exercise its discretion, we may not tell the trial court how to rule on the motion. *See In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding). Therefore, we express no opinion on the merits of the motion. We are confident the trial court will comply with this Court's ruling, and the writ will issue only if the trial court does not comply within 30 days of the date of this opinion.

**PER CURIAM**

Panel consists of Justices Landau, Guerra, and Farris.