

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-22-00214-CV

_____


IN RE NATHAN ROBINSON AND MISTI ROBINSON, Relators


---

Original Proceeding
271st District Court of Jack County, Texas
Trial Court No. 15-02-019

---

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Relators Nathan Robinson and Misti Robinson filed this mandamus proceeding asking this court to compel the trial court to rule on their "Plaintiffs' Motion to Enter Order Referring Claims and Issues to Arbitrator David [Seidler]" (the Robinsons' motion). For the reasons below, we deny their petition.

## Background

Rather than providing a detailed summary of this litigation's long procedural history, we will pick up where we last left off. *See Robinson v. Home Owners Mgmt. Enters., Inc. (Robinson II)*, No. 02-20-00215-CV, 2021 WL 924839, at *1 (Tex. App.—Fort Worth Mar. 11, 2021, pet. denied) (mem. op.); *see also Robinson v. Home Owners Mgmt. Enters., Inc. (Robinson I)*, 590 S.W.3d 518, 521 (Tex. 2019). In the last appeal, this court reversed the trial court's grant of summary judgment for Home Owners Management Enterprises, Inc. d/b/a Home of Texas and Warranty Underwriters Insurance Company (collectively, Home) on the claims in the Robinsons' fourth amended statement of claims. Home's summary judgment motion had included res judicata as a ground, and this court determined that "[t]he arbitrator rather than the trial court should have decided whether the Robinsons' individual release-related claims were barred by res judicata based on the assertion that those claims were or could have been resolved in the previous arbitration." *Robinson II*, 2021 WL 924839, at *15. We stated that "[l]ogically, the question was a preface to the determination of whether the release-related claims had merit." *Id.* Accordingly, we reversed the trial

2

court's summary judgment, and we concluded our opinion with the following command: "We . . . remand this case to the trial court, and order that the question of whether the Robinsons' individual release-related claims are barred by res judicata be referred to the arbitrator previously appointed to hear the Robinsons' individual claims." *Id.*

The trial court's implementation of that command is the direct impetus for this mandamus proceeding. Home presented the trial court with a proposed order that mirrored the conclusion of this court's opinion:

> On March 11, 2021, the Second Court of Appeals reversed this Court's summary judgment order of June 9, 2020 and ordered "that the question of whether the Robinsons' individual release-related claims are barred by res judicata be referred to the arbitrator previously appointed to hear the Robinsons' individual claims [Honorable David S[ei]dler]."
>
> Accordingly, the question of whether the Robinsons' individual release-related claims are barred by res judicata is hereby referred to Arbitrator David S[ei]dler. All other matters in this cause are stayed until the Arbitrator renders his decision on res judicata. [External brackets in original.]

Home also filed another summary judgment motion, which included all of its prior summary judgment grounds except res judicata.

In response, the Robinsons filed the motion at issue in this mandamus. In that motion, the Robinsons asserted that the trial court should (1) render an order reaffirming that all of the Robinsons' individual claims had already been compelled to arbitration and (2) not sign the order proposed by Home because it "suggest[ed] or propos[ed] the only issue/claim compelled to arbitration is . . . [the issue of] res

3

judicata" and compelled the arbitrator to rule on the res judicata issue before any others. Home filed a response to the Robinsons' motion in which it conceded that if any of the Robinsons' individual claims were still pending, they must proceed in arbitration.[1] After a hearing, on April 5, 2022, the trial court signed Home's proposed order but signed no order disposing of the Robinsons' motion.[2] The Robinsons then sent a letter to the trial court requesting a ruling on their motion. Meanwhile, Home filed a motion requesting that the trial court lift its stay for the limited purpose of allowing it to withdraw its summary judgment motion.

The Robinsons filed an appeal from the trial court's April 5 order "regarding the trial court's refusal to compel certain specific matters to arbitration." After this court notified the parties of our concern that we lacked jurisdiction over the appeal because there did not appear to be an appealable interlocutory order, the Robinsons sent multiple letters to the trial court asking the court to rule on their motion. The trial court signed no further orders, and the Robinsons filed this mandamus

---

[1]Home's response also stated that its summary judgment motion was "addressed to the viability of the Robinsons' class claims, not the Robinsons' individual claims, no matter how many times the Robinsons mischaracterize Home's arguments." We note that the summary judgment motion asserted that Home was entitled to judgment on the entirety of the Robinsons' fourth amended statement of claims, i.e., on both the individual and class claims.

[2]However, by signing Home's proposed order, the trial court effectively denied the part of the Robinsons' motion requesting that it not sign the order.

proceeding in which they complain about the language of the April 5 order and ask this court to compel the trial court to rule on their motion.

## Discussion

"Mandamus will not issue unless: (1) the trial judge has committed a clear abuse of discretion; and (2) there is no adequate remedy on appeal." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law. *Id.*

### II. The trial court's order followed the language of our prior opinion.

We begin by addressing what the April 5 order does and does not do. The Robinsons complain that by signing Home's proposed order while not granting their motion, the trial court's order improperly compels the arbitrator to rule on the res judicata defense before anything else and improperly limits what matters the arbitrator may consider. We do not construe the order to do any such thing. The order copies practically verbatim the command this court included in its prior opinion. *See Robinson II*, 2021 WL 924839, at *16. The order stays trial court proceedings and refers to the arbitrator a specific defense raised by Home to both the individual and class claims, but it does not attempt to withdraw from arbitration any claims that are already within the arbitrator's jurisdiction, and it does not attempt to forbid the arbitrator from considering other matters at the same time as the res judicata issue if the arbitrator chooses to do so. In other words, the Robinsons' asserted need for the trial court to

5

immediately sign their order to clarify what matters are before the arbitrator is not based on the order's language.

Further, the trial court's requesting a decision on the res judicata question and staying all other trial court proceedings is reasonable because the arbitrator's res judicata decision affects the trial court's handling of the class claims, which are not arbitrable. *See Robinson I*, 590 S.W.3d at 535. If res judicata applies to bar the Robinsons' individual release-related claims, that would affect their ability to serve as class representatives for the related class claims. *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604, 626 (Tex. App.—Fort Worth 2017, pet. denied) ("A class representative must be part of the class and must possess the same interest and suffer the same injury as the class members."). On the other hand, if res judicata does not apply, Home acknowledges that the class claims must be stayed while the related individual claims are resolved in arbitration. *See Star Sys. Int'l Ltd. v. 3M Co.*, No. 05-15-00669-CV, 2016 WL 2970272, at *4 (Tex. App.—Dallas May 19, 2016, no pet.) (mem. op.) ("When an issue is pending in both arbitration and litigation, arbitration should be given priority to the extent it is likely to resolve issues material to the lawsuit.").

## II. There is no longer any real dispute between the parties regarding arbitrability of the individual claims.

Beyond the fact that the trial court did what this court directed it to do, there is another reason that the Robinsons are not entitled to mandamus relief: granting their requested relief would compel the trial court to rule on a matter over which there is

6

now no real dispute.[3] In Home's trial court response to the Robinsons' motion, it conceded that "[i]f [the arbitrator] determines that the Robinsons have individual claims pending, then . . . those claims must proceed in arbitration." Similarly, in its mandamus response in this court, it states unequivocally that "the Robinsons' individual claims are _already in arbitration_."[4] *See Bexar Metro. Water Dist.*, 234 S.W.3d at 131 (stating controversy is moot when no controversy actually exists or the judgment sought cannot have any practical legal effect on a then-existing controversy).

The Robinsons are correct that, generally speaking, motions to compel arbitration must be ruled on in a timely manner. *See In re Emp. Funding of Am., LLC*, No. 13-21-00420-CV, 2022 WL 1013254, at *6 (Tex. App.—Corpus Christi–Edinburg

---

[3]Home disputes that its summary judgment motion should be compelled to arbitration, but its arguments are that a trial court compels arbitration of claims, not of particular motions, and that its summary judgment motion also addressed the Robinsons' class claims, which do not belong in arbitration.

[4]We recognize that generally, before a defendant's cessation of challenged conduct moots a controversy, events must make clear that the challenged conduct could not reasonably be expected to recur. *Matthews ex rel. M.M. v. Kountze ISD*, 484 S.W.3d 416, 418 (Tex. 2016); *Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 131 (Tex. App.—Austin 2007, no pet.). Here, Home made a clear and unequivocal concession both in the trial court and in this court that all of the Robinsons' individual claims are in arbitration, and it did so deliberately in an attempt to convince the trial court and this court that there was no need to rule on the Robinsons' motion. *See Phillips v. Phillips*, 296 S.W.3d 656, 668 (Tex. App.—El Paso 2009, pet. denied) (discussing judicial admissions and quasi-admissions and their binding effect). Such a binding admission bars Home from disputing the arbitrability of the individual claims. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (holding appellee's clear assertion in her petition that appellant was a health care provider within meaning of statute was a judicial admission).

7

Apr. 5, 2022, orig. proceeding) (mem. op.) (stating that trial judge has duty to rule on properly-filed motions within a reasonable time and that whether reasonable time has lapsed depends on circumstances of each case); *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (granting mandamus relief for trial court's failure to rule for more than seven months on motion to compel arbitration). Here, however, the parties agree that the individual claims are *already* in arbitration.[5] Accordingly, the trial court has no need to "reaffirm" the status of those claims over which there is no dispute.

The Robinsons argue in a reply to Home's mandamus response that the parties still dispute what claims fall within arbitration, and they specifically mention a claim for breach of the arbitration agreement.[6] However, Home conceded that *all* individual claims are in arbitration. This claim is therefore undisputedly in arbitration.

---

[5]Home argues that the Robinsons' motion was not a motion to compel arbitration because the claims at issue are already in arbitration. *Cf. Dealer Comput. Servs., Inc. v. Red Hill Ford, Inc.*, No. 05-10-00983-CV, 2010 WL 3566124, at *1 (Tex. App.—Dallas Sept. 15, 2010, no pet.) (mem. op.) (distinguishing, for purposes of interlocutory appeal, between an initial motion to compel arbitration under the FAA and a motion to resume arbitration proceedings). Regardless of how we construe the motion, the parties no longer have any dispute about whether the individual claims are in arbitration.

[6]We assume that the Robinsons refer to the claim in their fourth amended statement of claims alleging that Home was "guilty of a breach of contract by submitting its summary judgment [motion] to the trial court in clear contradiction of the policy/warranty." If they have pled a different claim in some other superseding pleading, they have not told us where to find it, and we have not discovered it.

The Robinsons further complain that they are entitled to a ruling on their request for the trial court to refer Home's most recent summary judgment motion[7] to arbitration—a motion that Home apparently no longer wants to pursue. We are not persuaded that this asserted basis alone is enough to justify mandamus relief. The Robinsons cite no authority for the proposition that a trial court should refer particular motions to arbitration—or in this case, part of a motion[8]—as opposed to the claims to which the motions relate. *See* Tex. R. App. P. 52.3(h). In any case, as stated, the Robinsons' individual claims are undisputedly now in arbitration, to the extent they survive. By conceding that the individual claims are in arbitration, Home has also conceded that the summary judgment motion's grounds directed to the merits of the Robinsons' individual claims must be decided in arbitration, if at all. Thus, as to the parts of the motion addressing the individual claims, there is nothing that needs referring to the arbitrator. Further, based on this court's dictate on remand and the trial court's April 5 order, no adjudication of the Robinsons' class claims will happen in the trial court, by summary judgment or otherwise, until the arbitrator decides the res judicata issue.

---

[7]The Robinsons' motion asked for relief only as to this summary judgment motion and not to any other previously-filed summary judgment motions.

[8]As Home points out, the summary judgment motion also sought judgment on the Robinsons' non-arbitrable class claims. Whatever decision the arbitrator ultimately makes regarding res judicata and the individual claims, he may not determine the effect that his decision has on the class claims. In the meantime, no adjudication of the class claims will proceed while the matter is stayed in the trial court.

9

The Robinsons are also concerned that without mandamus relief, they cannot pursue their interlocutory appeal. That may or may not be the case. Regardless, they are not entitled to mandamus relief unless the trial court's failure to rule on their motion constitutes an abuse of discretion. For the reasons explained above, it does not.

## Conclusion

In conclusion, (1) there is no dispute between the parties that, to the extent the individual claims survive, they are in arbitration; (2) the trial court's order dictates what information it seeks from the arbitrator but does not dictate how the arbitrator must conduct his own proceedings or what other matters, if any, the arbitrator may consider while determining the res judicata issue; and (3) the arbitrator's determination of the res judicata issue may resolve the individual claims and will in any case affect the remaining course of litigation in the trial court. Given the specific circumstances of this case, the Robinsons have not established their entitlement to mandamus relief. Accordingly, for these reasons, we deny the Robinsons' petition for writ of mandamus.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  August 4, 2022

10