**Denied and Opinion Filed December 5, 2022.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01157-CV

### IN RE LUKE SCHWINCK, Relator

**Original Proceeding from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-56682-2021**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Smith
Opinion by Justice Partida-Kipness

Before the Court is relator's October 27, 2022 petition for writ of mandamus concerning a court reporter's contest of relator's statement of inability to afford payment of court costs or an appeal bond. Relator asks this Court to (1) reverse a purported oral finding that relator is not indigent, (2) find that relator may proceed as indigent, (3) find that relator is not required to pay a fee for filing a motion for new trial, and (4) order the court reporter to prepare relator's requested transcripts without prepayment.

Entitlement to mandamus relief requires a relator to show the trial court clearly abused its discretion and relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

As the party seeking relief, relator bears the burden to provide the Court with a sufficient record to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator's petition, however, is not properly certified. *See* TEX. R. APP. P. 52.3(j). Although relator attached a few documents to his petition, the documents are not certified or sworn. *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1). Without a certified petition and supporting appendix or record, relator has not carried his burden. *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Thus, to the extent relator raises a complaint regarding the trial court's purported failures to conduct an evidentiary hearing, make written findings, and rule in writing, we conclude relator has failed to demonstrate entitlement to mandamus relief. *See In re Jones*, No. 05-22-01113-CV, 2022 WL 12338493, at *1 (Tex. App.—Dallas Oct. 21, 2022, orig. proceeding) (mem. op.).

To the extent relator complains of the trial court's purported order requiring relator to pay costs, relator has an adequate remedy by appeal. *See* TEX. R. CIV. P. 145(g); *In re Graham*, No. 05-18-00311-CV, 2018 WL 1516838, at *1 (Tex. App.—Dallas Mar. 28, 2018, orig. proceeding) (mem. op.).

To the extent relator asks this Court to compel the trial court to (1) order relator is not required to pay costs and (2) make findings in support of that ruling, we may not direct a trial court how to rule on a motion. *See In re Autrey*, No. 05-22-01009-CV, 2022 WL 5113123, at *1 (Tex. App.—Dallas Oct. 5, 2022, orig.

proceeding) (mem. op.); *see also In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding).

Under this record, we conclude relator has not established a right to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

221157F.P05