**DENIED and Opinion Filed April 12, 2023**



**In the**

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00322-CV

### IN RE NEIL NOBLE, Relator

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F18-45998**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Before the Court is relator's April 6, 2023 petition for writ of mandamus. A jury found relator guilty of stalking. Relator reached an agreement with the State, and the trial court sentenced him to ten years' imprisonment, probated for four years. This Court recently affirmed his conviction, modifying the judgment. *See Noble v. State*, 05-21-00326-CR, 2022 WL 17351908, at *15 (Tex. App.—Dallas Dec. 1, 2022, pet. ref'd) (mem. op.).

Relator contends the trial court has not ruled on a motion for judgment nunc pro tunc and a motion to enter judgment for credit for time served that he filed in January and February 2023, respectively. He asks this Court to compel the trial court to reform the judgment to give him credit for time served. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Relator's petition, however, does not comply with the Texas Rules of Appellate Procedure. A petition must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator also bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Here, relator has failed to provide the required certification. *See* TEX. R. APP. P. 52.3(j). Also, although relator has included numerous documents in an appendix to his petition, none of the documents are sworn or certified copies. *See* TEX. R. APP. P. 52.3(k)(1) (appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a)(1) (relator must file with a petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Even if these defects did not exist, we would deny the petition. While we have jurisdiction to direct the trial court to exercise its discretion by ruling, we may not tell the trial court how to rule on the pending motions. *See In re Autrey*, No. 05-22-

01009-CV, 2022 WL 5113123, at *1 (Tex. App.—Dallas Oct. 5, 2022, orig. proceeding) (mem .op.); *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding).

To the extent relator's petition could be construed as a request to compel the trial court to rule, relator must show his motions were properly filed and that the trial court (1) had a legal duty to rule on the motions, (2) was asked to rule on the motions, and (3) failed or refused to do so within a reasonable time. *See In re Turcios*, No. 05-21-01168-CV, No 05-21-01169-CV, 2022 WL 202985, at *1 (Tex. App.—Dallas Jan. 24, 2022, orig. proceeding) (mem. op.) (citing *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding)). Here, assuming without deciding that relator's motions were properly filed in January and February 2023, we conclude this proceeding is premature.

Accordingly, we deny relator's petition for writ of mandamus.


/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

230322F.P05