

# IN THE
# TENTH COURT OF APPEALS

───────────

## No. 10-23-00100-CV

## IN RE TRAXCELL TECHNOLOGIES, LLC

───────────

**Original Proceeding**

───────────

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2023-368-4**

## MEMORANDUM OPINION

Verizon Wireless Personal Communications, LP obtained a federal judgment for $489,710 in attorney's fees from Traxcell Technologies, LLC. Because Traxcell is headquartered in McLennan County, Texas, Verizon filed to domesticate and enforce the federal judgment in the 170th District Court in McLennan County. After a hearing, the 170th District Court signed a turnover order and an order appointing a receiver to allow the receiver to sell patents in Traxcell's possession to satisfy the judgment.

Traxcell's first request for relief from this Court came in the form of a petition for writ of mandamus seeking to vacate the 170th District Court's turnover order and order appointing a receiver. *See generally In re Traxcell Techs., LLC*, No. 10-23-00074-CV, 2023 Tex. App. LEXIS 1653 (Tex. App.—Waco Mar. 14, 2023, orig. proceeding) (mem. op.). In our opinion, we noted that both turnover orders and orders appointing a receiver are appealable orders. *See id.* at *2 (citations omitted). Thus, we concluded that Traxcell has an adequate remedy by appeal and denied Traxcell's petition for writ of mandamus. *See id.* at **3-4.

Thereafter, in appellate cause number 10-23-00081-CV, Traxcell filed a notice of appeal challenging the trial court's turnover order and order appointing a receiver. Accompanying Traxcell's notice of appeal was an emergency motion to stay enforcement of the turnover order and order appointing a receiver. We granted Traxcell's emergency motion to stay, in part, and requested that the parties brief the applicability of Texas Rule of Appellate Procedure 24 and whether this Court should abate and remand the appeal to the trial court for a Rule 24 hearing. After receiving responses from both parties, we concluded that Traxcell must comply with Rule 24 to suspend the turnover order and order appointing a receiver and that the trial court, not Traxcell, determines the amount and type of security that must be posted to suspend enforcement of the judgment. Accordingly, we lifted the emergency stay previously granted.

On April 3, 2023, Traxcell filed this petition for writ of mandamus seeking to compel the respondent, the Honorable Jim Meyer, Judge of the 170th District Court, to set a supersedeas bond and to set the bond amount at $0.00. This proceeding was docketed as appellate cause number 10-23-00100-CV. At the request of this Court, Verizon filed a response.

The mandamus record demonstrates that Traxcell requested that the trial court set a bond amount to suspend enforcement of the underlying turnover order and order appointing receiver at $0.00. Traxcell informed the trial court that Verizon agreed that the supersedeas bond amount should be $0.00. Therefore, on April 6, 2023, the trial court signed an order setting the bond amount to suspend enforcement of the underlying turnover order and order appointing a receiver at $0.00. This was done ex parte and without a hearing.

When notified of the trial court's April 6, 2023 order, Verizon filed a motion for reconsideration and set a hearing. At the hearing, the trial court learned that contrary to Traxcell's assertion, there was no agreement and that Verizon opposed setting the supersedeas bond at $0.00. On April 20, 2023, the trial court granted Verizon's motion for reconsideration and ordered that Traxcell post a $100,000 bond to suspend enforcement of the turnover order and order appointing a receiver. To allow Traxcell time to post the supersedeas bond, the trial court stayed and prohibited Verizon from

executing on its judgment until April 25, 2023. Traxcell has subsequently posted a $100,000 supersedeas bond.

In its prayer in this proceeding, Traxcell requests that we order the trial court to set a supersedeas bond and that the bond amount should be set at $0.00. As noted earlier, the trial court first set the supersedeas bond at $0.00, but after discovering that there was no agreement as to the bond amount, the trial court set the supersedeas bond at $100,000. In other words, the trial court has granted part of the relief that Traxcell requested—the setting of a supersedeas bond. Therefore, because the trial court has now set a supersedeas bond, a justiciable controversy ceases to exist between the parties as to the setting of the supersedeas bond. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (orig. proceeding) (stating that for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought); *see also Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (noting that the court will not issue mandamus relief if it would be useless or unavailing). As such, this request is now moot.

And to the extent that Traxcell requests that we order the trial court to set the supersedeas bond at $0.00, we note that we do not have the authority to direct the trial court how to rule on the Rule 24 bond amount in this mandamus proceeding. *See* TEX. R.

App. P. 24.2, 24.4; *In re Readyone Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) ("While we have jurisdiction to direct the trial court to exercise its discretion, we may not tell the trial court how to rule . . . ."); *see also In re Eagle Ship Mgmt., LLC*, No. 01-21-00427-CV, 2022 Tex. App. LEXIS 1133, at *7 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, orig. proceeding) (mem. op.) ("Although we have jurisdiction to direct the trial court to exercise its discretion, we may not tell the trial court how to rule on the motions." (citation omitted)).

Because Traxcell's request for the trial court to set a supersedeas bond is now moot, we dismiss that part of Traxcell's mandamus petition for lack of jurisdiction. We deny Traxcell's mandamus petition in all other respects.[1]

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith,
Petition dismissed, in part, and denied, in part
Opinion delivered and filed May 10, 2023
[OT06]



---

[1] In light of our disposition, we dismiss all pending motions as moot.