**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 11, 2023.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-23-00192-CV**

---

**IN RE K.J.A., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-02907**

---

## MEMORANDUM OPINION

On March 22, 2023, relator K.J.A. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Angela Graves-Harrington,

presiding judge of the 246th District Court of Harris County, to render judgment in the underlying divorce case. We conditionally grant the petition.[1]

## BACKGROUND

The bench trial in the underlying divorce commenced on May 6, 2019, and concluded on December 11, 2019. At the conclusion of the trial, the trial court orally pronounced that the parties were divorced. On November 15, 2021, relator filed a Motion to Sign Decree of Divorce and Proposed Final Decree of Divorce. On that same day, relator also filed a community inventory and appraisement "based on evidence produced at trial, testimony of parties, testimony of fact witnesses." The next day, relator filed a notice of submission for December 6, 2021, of her motion to sign the divorce decree. Real party in interest filed a response opposing relator's motion, arguing that it would be improper for the court to sign the final divorce decree because the trial court had not made a final decision as to the characterization of the various community asserts. The submission date passed without a ruling.

On January 3, 2022, relator filed a motion for a status conference regarding the trial court' rendition in the matter. Shortly thereafter, relator filed a notice of remote hearing set for February 2, 2022. The parties appeared for the hearing on February 2, 2022, but were informed after docket call that the trial court could not hear relator's motion and the remote hearing on relator's motion was rescheduled for February 11, 2022. At that the February 11, 2022 hearing, the trial court advised

---

[1] The court requested a response to the petition for writ of mandamus from real party in interest. However, he did not file one.

the parties that it would have a rendition the following Monday. The trial court did not render judgment.

On March 8, 2022, relator filed another motion for status conference regarding rendition. Two days later, relator filed a notice of remote hearing on relator's motion for status conference set for April 6, 2022. At the hearing, the trial court told the parties that it would issue a rendition soon.

Relator filed yet another motion for a status conference on June 21, 2022, but no hearing was held. On December 5, 2022, relator filed her final motion for a status conference. The trial court granted an in-person hearing for January 18, 2023. At that hearing, the trial court indicated that a rendition would be coming within a week. As of the time relator filed her petition for writ of mandamus, the trial court had not rendered judgment.

## ANALYSIS

Generally, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) relator has no adequate remedy by appeal. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding).

A writ of mandamus will lie to compel a trial court to proceed to judgment within a reasonable time. *In re Black*, 640 S.W.3d 894, 897 (Tex. App.—Amarillo 2022, orig. proceeding) (citing *Tex. State Bd. of Examrsiners in Optometry v. Carp*, 388 S.W.2d 409, 417 (Tex. 1965)). While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this court is empowered to order a trial judge to

exercise her discretion in some manner. *O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.—Tyler 1993, orig. proceeding). However, while we have jurisdiction to direct the trial court to exercise its discretion, we may not tell the trial court how to rule on a particular matter. *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding).

The trial court has a reasonable time in which to render judgment. *In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding). "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi 2014, orig. proceeding). What is considered a reasonable amount of time is dependent upon the circumstances of each case. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex.—El Paso 2006, orig. proceeding).

The bench trial concluded on December 11, 2019. Relator waited nearly two years, until November 15, 2021, before filing her motion to sign the divorce decree. Relator subsequently filed four motions for status conference regarding the rendition of judgment. The trial court held two remote hearings and on in-person hearing. After each hearing, the trial court told the parties that it would render judgment soon after the hearing, the Monday following the hearing, or within a week of the hearing. The trial court has been aware that relator has been requesting that it sign a final decree of divorce for over one year and seven months. The trial court has had more than a reasonable time to sign the final divorce decree. Therefore, the trial court has abused its discretion by not signing a final divorce decree.

A trial court's discretion extends to its decision on how to rule on a matter properly before it, and an appellate court then reviews the rulings produced by that judicial power in the normal appellate process. *In re Maasoumi*, No. 05–08–01074–CV, 2008 WL 4881328, at *3 (Tex. App.—Dallas Nov. 13, 2008, orig. proceeding) (mem. op.). The refusal to rule within a reasonable time frustrates that purpose and constitutes a denial of due course of law. *Id.* Thus, the failure to enter a judgment deprives a party of an adequate remedy at law, including the right to accept or appeal a judgment entered. *Black*, 640 S.W.3d at 897. Relator does not have an adequate remedy by appeal. *See id.*

## CONCLUSION

Having determined that the trial court abused its discretion and relator does not have an adequate remedy by appeal, we conditionally grant relator's petition for writ of mandamus and direct the trial court to enter a final divorce decree. However, we do not instruct the trial court on how to rule on the divorce decree. We are confident the trial court will act in accordance with this opinion and a writ will issue only if the trial court fails to comply.


PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.

5