

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-24-00447-CV

_____

## IN RE HICKS AIRFIELD PILOTS ASSOCIATION, Relator

Original Proceeding
236th District Court of Tarrant County, Texas
Trial Court No. 236-292837-17

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Relator Hicks Airfield Pilots Association has filed a petition for writ of mandamus to compel respondent the Honorable Tom Lowe, Judge of the 236th District Court of Tarrant County, to rule on its "Motion for Hearing on Award of Attorney's Fees," which respondent heard in November 2023 but on which it still has not ruled, although eleven months have elapsed. We conditionally grant relief and direct respondent to rule on the Association's motion within twenty days.

## I. BACKGROUND

- On August 28, 2023, the Association filed its "Motion for Hearing on Award of Attorney's Fees."

- On November 3, 2023, respondent held a hearing on the Association's motion.

- On multiple occasions since November 3, 2023, the Association has contacted respondent's court coordinator to determine its motion's status.

- On October 3, 2024, eleven months later, the Association filed this petition for writ of mandamus in which it seeks an order compelling respondent to rule.

- As of the date of this opinion, respondent has neither responded to the Association's petition nor ruled on the complained-of motion.

## II. APPLICABLE LAW

Mandamus relief is proper in a couple of contexts. It is available to correct a clear abuse of discretion when a party has no adequate remedy at law, such as a normal appeal. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding); *In re M.B.*, No. 02-17-00237-CV, 2017 WL 3996430, at *1 (Tex. App.—

Fort Worth Sept. 8, 2017, orig. proceeding) (mem. op.). Additionally, mandamus may issue to compel the trial court to act; a trial court has a ministerial duty to consider and rule on motions properly filed and pending before it. *In re Bensyl*, No. 03-24-00291-CV, 2024 WL 3048581, at *2 (Tex. App.—Austin June 19, 2024, orig. proceeding) (mem. op.); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam). A trial court abuses its discretion when it fails to rule on a properly filed, pending motion within a reasonable amount of time. *M.B.*, 2017 WL 3996430, at *1; *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). When a trial court refuses to rule, a relator has no adequate remedy at law. *M.B.*, 2017 WL 3996430, at *2; *cf. Bensyl*, 2024 WL 3048581, at *2 ("The failure of a trial court to perform a mandatory ministerial duty is subject to mandamus relief regardless of any showing of the lack of adequate remedy by appeal.").

### III. Discussion

Appellate courts have granted mandamus relief when trial courts have not ruled for approximately six or seven months. *See, e.g.*, *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding); *Shredder Co.*, 225 S.W.3d at 679. We hold that respondent in this instance, having had eleven months to rule on the Association's motion, has had a reasonable amount of time to rule and that mandamus relief is thus appropriate. *See ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *Shredder Co.*, 225 S.W.3d at 679.

## IV. CONCLUSION

Respondent is ordered to rule on the Association's "Motion for Hearing on Award of Attorney's Fees" in a written, signed order within twenty days. Because we are confident that respondent will comply with this directive, we will issue the writ only if respondent fails to do so.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: October 28, 2024

4