

# NUMBERS 13-23-00131-CV & 13-23-00132-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE CITY OF EDINBURG AND
### HIDALGO COUNTY DRAINAGE DISTRICT NO. 1

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

On April 4, 2023, relators City of Edinburg (City) and Hidalgo County Drainage

District No. 1 (Drainage District) filed a petition for writ of mandamus arising from: (1) trial

court cause number C-1779-21-A in the 92nd District Court of Hidalgo County, Texas,

docketed as our appellate cause number 13-23-00131-CV, and (2) trial court cause

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

number C-2226-21-A in the 92nd District Court of Hidalgo County, Texas, docketed as our appellate cause number 13-23-00132-CV.[2] Relators contend that the trial court abused its discretion by "failing to rule on the pending pleas to the jurisdiction filed by governmental entities more than a year after holding a hearing as it orders the parties to prepare for trial." We conditionally grant the petitions for writ of mandamus.

## I. BACKGROUND

These original proceedings arise from related premises liability cases filed against relators for injuries allegedly sustained during construction on drainage ditches. Benita Escobar de Garcia filed suit against relators in cause number C-1779-21-A alleging that she tripped and fell on dirt and debris arising from the installation of concrete irrigation culverts at the side of the road near Gardenia Street in Edinburg, Texas. Similarly, Carmina Garza filed suit against relators in cause number C-2226-21-A asserting that she suffered injuries in a separate incident when she stepped into a hole at this same location, "catching her foot and causing her to fall backwards." Both Garcia and Garza alleged that they suffered personal injuries as a result of their falls.

On February 4, 2022, the City and Drainage District filed pleas to the jurisdiction in these cases. The City alleged that it did not own, occupy, or control the premises in question. *See Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (per curiam) ("As a rule, to prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred"; however, "a party who does not own, occupy, or control premises may nevertheless owe a duty of due care if it undertakes to make the premises safe for

---

[2] The respondent in these original proceedings is the Honorable Luis Singleterry. *See id.* R. 52.2.

others."). The Drainage District alleged that Garcia's and Garza's claims failed under the notice provisions of the Texas Tort Claims Act (TTCA) because it did not receive notice of the alleged incidents made the basis of the lawsuits until more than two years after they occurred. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (governing the requisite notice of claims against a governmental entity under the TTCA).

The trial court issued orders setting relators' pleas to the jurisdiction to be heard on March 22, 2022, and held a non-evidentiary hearing on that date. On May 20, 2022, relators sent correspondence to the trial court advising that they had filed pleas to the jurisdiction, the trial court had held a hearing on the pleas but had not yet issued rulings, and that relators "hereby request[ed] that the Court consider ruling on the Pleas before the parties engage in further litigation." Relators further informed the trial court that Garcia and Garza had propounded discovery to them that they were required to answer by May 25, 2022. On October 31, 2022, relators sent correspondence to the trial court, again advising it that their pleas remained pending without rulings. Relators informed the trial court that a separate lawsuit, "with almost identical facts and jurisdictional issues," had been resolved in their favor by the 332nd District Court of Hidalgo County, Texas. Relators provided the trial court with copies of the pleas to the jurisdiction and the orders issued in that separate trial court proceeding. Relators conceded that the actions of a separate district court had no precedential value, but were "instructive and persuasive," and relators requested the trial court to grant their pleas. On February 8, 2023, Garcia and Garza filed motions requesting the trial court to set telephonic docket control conferences for their cases. On February 9, 2023, relators filed responses to these motions stating that:

3

> Over a year ago, on February 4, 2022, [relators] filed Pleas to the Jurisdiction which the Court has heard and taken under advisement. [Relators'] Pleas are dispositive of all causes of action [Garcia and Garza have] asserted against them. [They] now seek[] an order forcing [relators] to engage in discovery and meet deadlines to prepare for trial in a case where [relators] assert that the Court lacks jurisdiction. On this basis, [relators] object to a docket control order before the Court makes a definitive ruling on [relators'] Pleas.

Relators thus requested the trial court to deny Garcia's and Garza's requests for docket control conferences until their pleas to the jurisdiction were "fully and finally resolved." Nevertheless, the trial court subsequently proceeded to hold docket control conferences in each case and set these cases for trial on the merits to be held on March 4, 2024.

These original proceedings ensued. By one issue, relators assert that the trial court abused its discretion by failing to rule on the pending pleas to the jurisdiction "more than a year after holding a hearing as it orders the parties to prepare for trial." We requested Garcia and Garza, or any others whose interest may be directly affected by the relief sought, to file responses to the petitions for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8. However, the real parties did not timely file responses, and have since informed this Court that any responses to the petitions for writ of mandamus will not be forthcoming.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833,

4

839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III. MINISTERIAL DUTY TO RULE ON A MOTION

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Thus, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *See In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. See *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request for the trial court to rule on the motion. *See In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107.

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*,

5

62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to any exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

Courts have applied the foregoing rules to grant mandamus relief in cases concerning various different periods of delay. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159 (granting relief for a delay of more than eight months in rendering a final judgment); *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (granting relief for a delay of more than seven months in ruling on a motion to compel arbitration); *In re Shredder Co.*, 225 S.W.3d 676, 679–80 (Tex. App.—El Paso 2006, orig. proceeding) (granting relief for a delay of more than six months in ruling on a motion to compel arbitration); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (granting relief for a six-month delay in ruling on a motion for partial summary judgment); *In re Kleven*, 100 S.W.3d 643, 644–45 (Tex. App.—Texarkana 2003, orig. proceeding) (granting relief for delays of more than three and five months on motions for discovery, sanctions, and for a trial setting); *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, pet.

denied) (combined appeal & orig. proceeding) (granting relief for a thirteen-month delay in ruling on a plea to the jurisdiction); *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding [mand. denied]) (granting relief for a seven-month delay in ruling on a "no evidence" motion for summary judgment); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (granting relief for a delay of eighteen months in ruling on a motion for default judgment); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam) (granting relief for a thirteen-month delay in ruling on a petition for incorporation*); see also In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at *1 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (granting relief for an eleven-month delay in ruling on a motion to dismiss and motion for summary judgment); *In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (mem. op.) (per curiam) (granting relief for an eight to nine-month delay in ruling on a special appearance); *In re Roland's Roofing Co.*, No. 13-19-00469-CV, 2019 WL 5444399, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2019, orig. proceeding) (mem. op.) (granting relief for an eight-month delay in ruling on a special appearance); *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (mem. op.) (per curiam) (granting relief for an eight-month delay in ruling on a motion for entry of judgment on the jury's verdict); *In re Harris Cnty. App. Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.) (granting relief for a six-month delay in ruling on a plea to the jurisdiction); *In re Coffey*, No. 14-18-00124-

CV, 2018 WL 1627592, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (mem. op.) (per curiam) (granting relief for a four-month delay in ruling on an unopposed motion to confirm an arbitration award when the delay in ruling was causing substantial harm).

In considering the alleged period of delay, we recognize that trial courts have broad discretion in how they conduct business in their courtroom and control their docket. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Jacobs v. State*, 594 S.W.3d 377, 382 (Tex. App.—San Antonio 2019, no pet.). Nevertheless, this discretion is not unlimited, and the trial court has a duty to schedule its cases to expeditiously dispose of them. *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Clanton*, 639 S.W.2d at 930; *In re Tex. Farm Bureau Underwriters*, 374 S.W.3d 651, 658 (Tex. App.—Tyler 2012, orig. proceeding); *In re Blakeney*, 254 S.W.3d at 663.

## IV. ANALYSIS

We examine the specific circumstances of this case to determine whether the relators' pleas were properly filed and have been pending a reasonable time. *See In re Blakeney*, 254 S.W.3d at 662. The pleas to the jurisdiction were filed on February 4, 2022, and were submitted to the trial court at a hearing held on March 22, 2022. The trial court did not issue rulings and instead took the pleas under advisement. Relators requested the trial court to rule on its pleas on May 20, 2022, and again on October 31, 2022. Relators assert that they "have tried to obtain a ruling from the trial court on multiple occasions—not to mention the multiple phone calls . . . to the trial court's coordinator to obtain a status on the case." On February 9, 2023, relators objected to Garcia's and Garza's requests for docket control conferences and to proceeding with the cases

8

pending a ruling on their pleas to the jurisdiction. On March 20, 2023, the trial court held docket control conferences and set these cases for trial. There is no dispute that relators' pleas were properly filed and that relators have affirmatively requested the trial court to rule on their pleas. The pleas have been pending after being heard for more than thirteen months. The record before this Court fails to indicate that any special docket conditions or other matters have prevented the trial court from ruling on relators' pleas.

The subject matter of the pending motion or plea is relevant to our analysis, and we have stated that the failure to rule on a jurisdictional matter is a "pivotal factor" in determining whether mandamus should issue given that jurisdiction presents a threshold issue in any case. *In re First Mercury Ins.*, No. 13-13-00469-CV, 2013 WL 6056665, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2013, orig. proceeding) (mem. op.); *see also In re Torres*, No. 04-18-00573-CV, 2018 WL 5269227, at *3 (Tex. App.—San Antonio Oct. 24, 2018, orig. proceeding) (mem. op.). Generally, a ruling on jurisdiction should be made "as soon as practicable." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). It is a "fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided." *Id.* at 228; *see W. Travis Cnty. Pub. Util. Agency v. CCNG Dev. Co.*, 514 S.W.3d 770, 776 (Tex. App.—Austin 2017, no pet.). In this regard, mandamus relief is available when a trial court litigates the merits of a case and delays ruling on a plea to the jurisdiction. *See City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (combined app. & orig. proceeding); *see also In re Torres*, 2018 WL 5269227, at *1–3; *In re Torres*, No. 13-17-00172-CV, 2017 WL 2665986, at *5 (Tex. App.—Corpus Christi–Edinburg June 21, 2017, orig. proceeding) (mem. op.); *In re Tex. Health Res.*, No.

05-16-01135-CV, 2016 WL 5937790, at *1 (Tex. App.—Dallas Oct. 12, 2016, orig. proceeding) (mem. op.).

Having considered all the facts and circumstances of this case, we conclude that the trial court abused its discretion in failing to rule within a reasonable period on relators' pleas to the jurisdiction and instead setting the cases for trial. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159; *In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Shredder Co.,* 225 S.W.3d at 679–80. Further, balancing the benefits of mandamus review against the detriments, we conclude that there is no adequate appellate remedy to address the trial court's failure to rule. *See, e.g.*, *In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 159; *In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624. Accordingly, we sustain relators' sole issue presented in these original proceedings.

## V. CONCLUSION

The Court, having examined and fully considered relators' petitions for writ of mandamus, the lack of any responses, and the applicable law, is of the opinion that relators have met their burden to obtain relief. Relators' pleas were properly filed and have been pending a reasonable time, they requested rulings on the pleas, and the trial court has failed to rule. *See In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Shredder Co.*, 225 S.W.3d at 679; *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228. Accordingly, without addressing the merits of relators' pleas to the jurisdiction, we conditionally grant the petitions for writ of mandamus and direct the trial court to rule on relators' pleas prior to proceeding with any merits-based issues in these cases. *See In re Blakeney*, 254 S.W.3d at 661 ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be.");

10

*see also In re ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding); *O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993, orig. proceeding). The writs will issue only if the trial court fails to act in accordance with this memorandum opinion.


GINA M. BENAVIDES
Justice


Delivered and filed on the
1st day of May, 2023.

11